UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
        v.                      )        Criminal Case No. 3:14-30044-MGM
                                )
SYED BOKHARI,                   )
        Defendant               )

MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION FOR
DESIGNATION AS A COMPLEX CASE AND ORDER OF EXCLUDABLE
DELAY PURSUANT TO THE SPEEDY TRIAL ACT
(Dkt. No. 111)

ROBERTSON, M.J.

        I.      INTRODUCTION

        Before the court is the government's motion requesting that this case be designated as a

complex case for purposes of the Speedy Trial Act, 18 U.S.C. § 3161 (hereinafter "the Act"), and

that time from May 26 to July 29, 2015 be designated as excludable on the grounds that granting

the continuance and exclusion of time outweighs the best interests of the public and the

defendant in a speedy trial.  Syed Bokhari, the defendant ("Defendant"), has opposed the motion

on the grounds that the court is not permitted to make a retroactive ends of justice finding (Dkt.

115).  Defendant agrees that the time from May 26 to June 25, 2016 is excludable pursuant to 18

U.S.C. § 3161(h)(7)(1)(H) as a thirty-day period during which the court had a motion by

Defendant under advisement (Dkt. No. 115 at 1).  The government points out that it filed a

motion for excludable delay under the Act on July 20, 2015, thereby tolling the Speedy Trial Act

clock (Dkt. 121 at 4).  *See, e.g., United States v. Richardson*, 421 F.3d 17, 31 (1st Cir. 2005).

Accordingly, at issue is the period from June 25 through July 19, 2015.  For the reasons set forth

below, the court concludes that it made the findings required to support exclusion of this time

from the Speedy Trial Act calculus during the May 26, 2015 hearing on the defendant's motion

1

when the court gave its reasons for continuing the case to July 29, 2015 for a status conference. Accordingly, the court grants the government's motion.

     II.    <u>RELEVANT BACKGROUND</u>

     Defendant was arraigned on October 17, 2014 on a 32-count indictment.  Counsel for Defendant entered a limited appearance at that time.  Notwithstanding counsel's limited appearance, the parties have exchanged discovery and addressed the issues of detention and conditions of release.  On November 24, 2014, Defendant filed a motion for release of funds seized by the government pursuant to warrant for purposes of retaining counsel of his choice.[1] The motion, which was referred to the Magistrate Judge for decision, raised complex issues of law unresolved in this circuit, was extensively briefed, and was the subject of a series of hearings the last of which was held on May 26, 2015.

     On May 26, 2015, the court took the motion under advisement and set a status conference for July 29, 2015, by which time, the court anticipated, it would have issued a ruling on Defendant's motion for release of funds, and the court and the parties would be in a position to chart their next steps.  The court denied Defendant's motion on July 27, 2015.  At the July 29, 2015 status conference, Defendant stated his intention to file an objection to the decision on his motion for release of funds with District Judge Mark G. Mastroianni.  The court established deadlines for the parties' filing related to Defendant's objection and set a date for a hearing on Judge Mastroianni's calendar.  The court further addressed the government's motion for an exclusion of time under the Act.  By agreement of the parties, the case was designated as complex pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) based on the novelty and difficulty of

---

[1]The government actually seized tobacco from a warehouse operated by Defendant's business. By agreement of the parties, the tobacco was sold, generating approximately $1,050,000. Defendant's motion for release of funds sought immediate access to at least $750,000 of this money for purposes of retaining counsel of his choice.

legal issues raised by the case; its scope (an alleged conspiracy involving numerous locations and individuals and covering an extended period of time); the volume of discovery; and the limited appearance by Defendant's attorney.  The court ordered excluded the time from July 29 to September 9, 2015, the date for the hearing before Judge Mastroianni on Defendant's objections to this court's ruling.  The court took under advisement the government's July 20, 2015 motion for the exclusion of time from June 25 to July 20, 2015, subject to further briefing by the parties.

III.    DISCUSSION

"The [Speedy Trial] Act generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance, § 3161(c), but the Act contains a detailed scheme under which certain specified periods of delay are not counted."  *Zedner v. United States*, 547 U.S. 489, 492 (2006).  "Much of the Act's flexibility is furnished by § 3161(h)(8), which governs ends of justice continuances[.]"  *Id*. at 498; *see also id.* at 508 (exclusion of delay resulting from an ends of justice continuance is most open-ended type of exclusion recognized by the Act; "congress clearly intended to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases").  "The Act provides a number of factors a court 'shall consider' in considering an 'ends of justice' [exclusion], such as whether a failure to grant the [exclusion] 'would unreasonably deny the defendant . . . continuity of counsel' or 'would deny counsel for the defendant . . .  the reasonable time necessary for effective preparation.'"  *United States v. Pakala*, 568 F.3d 47, 58 (1st Cir. 2009) (quoting 18 U.S.C. § 3161(h)(8)(B)(iv)).  An additional factor that may warrant an exclusion of time under the Act in the interests of justice is the complexity of a case, based on the nature of the prosecution or the existence of novel questions of law or fact that make it unreasonable to expect adequate preparation within the Act's time limits.  *See* 18 U.S.C. §3161(h)(7)(B)(ii).

In *Zedner*, in connection with the defendant's request for a comparatively lengthy adjournment of his case, the defendant signed a form – designed by the district court – by which he waived his rights to a speedy trial and to move for dismissal based on a violation of the Act. The United States Supreme Court held that a defendant may not prospectively waive application of the Act. 547 U.S. at 500. The Court further rejected the government's two-part contention that the circumstances in the case warranted an ends-of-justice continuance, and that the findings supporting such an exclusion could be made on remand. *Id.* at 506-507. The Court noted that when a district judge grants an ends-of-justice continuance, the Act requires that the court set forth its findings, orally or in writing, supporting its conclusion that the ends of justice are served by the continuance and outweigh the defendant's and the public's interests in a speedy trial. The Court stated that:

> Although the Act is clear that the [ends-of-justice] findings must be made, if only in the judge's mind, before granting the continuance (the continuance can only be 'granted . . . on the basis of the court's findings"), the Act is ambiguous on precisely when those findings must be 'se[t] forth, in the record of the case' However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2).

*Id.* at 506-507.

In *United States v. Carpenter*, 781 F.3d 599 (1st Cir. 2015), applying the principles set forth in *Zedner*, the United States Court of Appeals rejected the contention that the court had failed to make the record findings necessary to support an ends of justice continuance when the court excluded the time between a status conference at which the court set a trial date and the actual commencement of trial. The First Circuit noted that the "record was clear that the district court balanced counsels' schedules with the public's interest in a speedy trial, and thus its

decision represent[ed] a determination that granting a continuance served the ends of justice." *Id.* at 619.

In this case, the court could and should have issued *sua sponte* an order excluding time in the interests of justice beyond the thirty days automatically excludable pursuant to § 3161(h)(1)(H) for the period during which it had Defendant's motion for release of funds actually under advisement. *See United States v. Janik*, 723 F.3d 537, 544 (7th Cir. (1983) ("If thirty days is too little to dispose of a particular pretrial motion, the judge can grant a continuance either on his own motion or on that of counsel for either party.").  Nonetheless, having reviewed the audio file of the final May 26, 2015 hearing on Defendant's motion for release of funds, the court believes that the record supports the conclusion that the requisite interests of justice finding was made, "if only in the judge's mind," when the court granted the continuance to the July 29, 2015 status conference. *See Zedner*, 547 U.S. at 506-507.  The unusual and complex nature of the motion was evident in the extensive briefing and substantial evidence submitted by each party in support of its or his position. *See* 18 U.S.C. § 3161(h)(7)(A) and (B)(ii).  Failure to give careful and adequate consideration to the motion would unreasonably have denied Defendant continuity of counsel. *See* 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).  At the May 26th hearing, the court noted the importance and complexity of the issues raised by Defendant's motion and that it would take the court "awhile to do this."  It selected a date at the end of July for a status conference in anticipation of issuing a ruling in advance of the conference and in the interests of keeping the case moving forward as expeditiously as possible.  "The record is clear that the . . . court balanced [the need for adequate time to rule on an exceptionally complex motion] with the public's interest in a speedy trial, and thus its decision represent[ed] a

finding that granting [the] continuance served the ends of justice." *Carpenter*, 781 F.3d at 619; *Zedner*, 547 U.S. at 506-507.

IV.    CONCLUSION

For the reasons set forth above, the court GRANTS the government's July 20, 2015 motion for excludable delay and designates the period from June 25 through July 20, 2015 as excludable in the interests of justice pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B).

It is so ordered.

Dated: October 28, 2015                     /s/ Katherine A. Robertson
                                            KATHERINE A. ROBERTSON
                                            UNITED STATES MAGISTRATE JUDGE